■ JOSE ALAMEDA-CABRERA et al., Respondents, v NOBLE ELECTRICAL CONTRACTING CO., INC., et al., Defendants, and CJ PARTNERS L.L.C. et al., Appellants. [985 NYS2d 497]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 31, 2013, which, to the extent appealed from as limited by the briefs, denied that portion of defendants-appellants' motion for summary judgment seeking dismissal of plaintiffs' Labor Law § 241 (6) and common-law negligence claims as against defendants CJ Partners L.L.C. (CJ), Bellerose Builders Inc. (Bellerose), Viceroy Development Ltd. (Viceroy), Parker Development Ltd. (Parker) and Jackson Development Group, Ltd. (Jackson), and granted plaintiffs' cross motion for partial summary judgment as to liability on the Labor Law § 241 (6) claim as against CJ and Bellerose, unanimously modified, on the law, to the extent of granting the portion of defendants-appellants' motion seeking dismissal of the common-law negligence claims as against CJ, Bellerose, Viceroy, Parker and Jackson, and the Labor Law § 241 (6) claims as against Viceroy, Parker and Jackson, and otherwise affirmed, without costs.

Plaintiff Jose Alameda-Cabrera was injured while using a miter saw provided by his employer, defendant FLJ Development Inc., a subcontractor hired by defendant Bellerose, the general contractor, to install flooring at a property owned by defendant CJ Partners. FLJ provided plaintiff with the saw which did not have a retractable guard or a vise clamp. At the time of his accident, plaintiff was halfway through a cut on a piece of wood, using the miter saw, when an electrical outage cut power to the saw. When the power returned in a matter of seconds, plaintiff's left hand moved a little to the right, and/or the wood he was holding with that hand to steady it "flew" to the right and drew his hand under the miter saw, and the miter saw came down and severed his left thumb.

The motion court properly rejected defendants-appellants' argument that plaintiff's actions were the sole proximate cause of his injuries. Their argument is premised, in part, on a mischaracterization of plaintiff's deposition testimony (*see Gasper v LC Main, LLC*, 79 AD3d 428 [1st Dept 2010]). Furthermore, it cannot be held, as a matter of law, that the absence of a protective guard on the miter saw, in violation of 12 NYCRR 23-1.12 (c), was not a proximate cause of plaintiff's accident (*see Keneally v 400 Fifth Realty LLC*, 110 AD3d 624 [1st Dept 2013]; *Once v Service Ctr. of N.Y.*, 96 AD3d 483 [1st Dept 2012], *lv dismissed* 20 NY3d 1075 [2013]).

Plaintiffs demonstrated their entitlement to judgement as a matter of law on their section 241 (6) claim as against CJ and Bellerose by establishing that the miter saw provided, which was the only one available for plaintiff's use, lacked both a

protective guard and a vise clamp, in violation of Industrial Code (12 NYCRR) §§ 23-1.12 (c) (2) and 23-9.2 (a) (*see Misicki v Caradonna*, 12 NY3d 511, 520-521 [2009]; *Once*, 96 AD3d at 483). In opposition, defendants' expert failed to address the Industrial Code violations and their counsels' arguments concerning those provisions are insufficient to raise an issue of fact. Defendants also failed to establish comparative negligence (*see Once*, 96 AD3d at 483).

Plaintiffs' common-law negligence and Labor Law § 241 (6) claims are dismissed as against defendants Viceroy, Parker and Jackson. The motion court dismissed plaintiffs' claims pursuant to Labor Law § 200 which is a codification of common-law negligence (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]), and, in any event, plaintiffs did not pursue either of these claims or their Labor Law § 241 (6) claims as against defendants Viceroy, Parker and Jackson on appeal. Thus, they are deemed abandoned (*see Rodriguez v Dormitory Auth. of the State of N.Y.*, 104 AD3d 529, 530-531 [1st Dept 2013]). Concur—Saxe, J.P., Moskowitz, Freedman, Gische and Kapnick, JJ.